Nassir Nazarovich KOURBANOV,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72561.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Nassir Nazarovich Kourbanov, CDCM–California Department of Corrections (Marysville) A.K.A. Yuba County Jail, Marysville, CA, pro se.

Terri J. Scadron, Esq., Robbin K. Blaya, Esq., Stacy S. Paddack, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Nassir Nazarovich Kourbanov, a native and citizen of Russia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and de novo due process violation claims, *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir. 2004). We deny the petition.

Substantial evidence supports the IJ's adverse credibility findings because Kourbanov's testimony, asylum applications and written statements contain inconsistencies going to the heart of his asylum claim, including inconsistencies regarding any beatings that occurred. *See Chebchoub,* 257 F.3d at 1043.

Because Kourbanov failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence supports the agency's denial of relief under the CAT. *See id.* at 1157.

Kourbanov's contentions regarding his detention are beyond the scope of this petition for review, and his contentions regarding his hearing lack merit because he had a reasonable opportunity to present information on his behalf and had a full and fair hearing. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003) (noting that the petitioners "received a full hearing before the IJ, a detailed and reasoned opinion from the IJ [and] the opportunity to present their arguments to the BIA"). Moreover, he failed to demonstrate that any alleged due process violation affected the outcome of the proceedings. *See Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002) (stating that a due

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

process violation requires a showing of prejudice).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.